IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SHANE PHILLIP NICKERSON, | Cause No. CV 21-27-M-DWM |
| Petitioner, | |
| vs. | ORDER TO PETITIONER TO SHOW CAUSE |
| JIM SALMONSEN, WARDEN MONTANA STATE PRISON; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On July 21, 2021, pursuant to this Court's order, state pro se petitioner

Shane Philip Nickerson filed an amended petition under 28 U.S.C. § 2254, seeking

habeas corpus relief. (Doc. 9.) Nickerson has also filed a motion for equitable

tolling (Doc. 10), a motion for discovery (Doc. 11), a motion for appointed

counsel/investigator, *id.* at 3; and, a motion for leave to proceed in forma pauperis

(Doc. 14). Each will be addressed in turn.

## I.     Timeliness/Procedural Default

The Court is required to screen all actions brought by prisoners who seek

relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion

thereof if the prisoner raises claims that are legally frivolous or fails to state a basis

upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must

1

dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. For the reasons set forth below, it appears Nickerson's petition should be dismissed as both time-barred and procedurally defaulted. Nickerson will be given an opportunity to explain why his petition should not be dismissed.

### i.    Procedural History/Nickerson's Claims

Nickerson's petition challenges a February 4, 2010, judgment of conviction entered in Montana's Eleventh Judicial District, Flathead County. *See* (Doc. 9 at 2). Nickerson was convicted of Sexual Assault, Aggravated Assault, Criminal Endangerment, and Assault on a Minor. *Id.* The district court sentenced Nickerson to the Montana State Prison to a 50-year term for Sexual Assault, and concurrent sentences of 20-years, 20-years, and 5-years, respectively, for the remaining felonies. *Id.*

On direct appeal, Nickerson alleged the state failed to prove an essential element of the Assault on a Minor charge and claimed ineffective assistance of counsel. The Montana Supreme Court remanded the case to the district court with a directive to strike the Assault on a Minor conviction finding that the State had failed to prove an essential element of the offense. *State v. Nickerson*, 2011 MT 85N, 361 Mont. 534, 264 P. 3d 517. In relation to Nickerson's claim that counsel

performed deficiently by failing to object to the district court's use of Nickerson's psychosexual evaluation during sentencing, the court determined the claim lacked merit. *Nickerson*, 2011 MT, at ¶ 11. Nickerson's remaining convictions and sentences were affirmed. *Id.*, at ¶ 2, 12.

Following remand, the amended judgment was entered on February 21, 2012.[1] Nickerson did not file a subsequent direct appeal or seek timely collateral review.

On November 18, 2019, Nickerson filed a petition for postconviction relief in the state district court, alleging malicious prosecution, ineffective assistance of counsel, and a failure to examine exculpatory evidence. The district court determined Nickerson's petition was untimely and that the petition failed to raise grounds for relief that could not have been raised in direct appeal. See, *Nickerson v. State*, 2021 MT 64N, ¶ 5 (Mont. March 9, 2021).[2] On appeal, Nickerson argued that although his postconviction relief petition was time-barred, his request for

---

[1] See, Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts"); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases....") The Court has reviewed the state court docket, including the Amended Judgment, of *State v. Nickerson*, Cause No. DC-08-402.

[2] See also, (Doc. 9-1 at 1-4)(Nickerson attached a copy of the Montana Supreme Court's opinion as an exhibit to his amended petition).

DNA testing constituted new evidence. Additionally, he claimed his trial was fundamentally unfair and requested the Court grant him a new trial.

The Court determined Nickerson's petition was time-barred because it was filed eight years after his conviction became final. *Id.* at ¶ 9. Furthermore, Nickerson's argument that the state should have provided further DNA testing was not newly discovered evidence proving his actual innocence. *Id.* Because he failed to provide newly discovered evidence, his petition remained time barred by Mont. Code Ann. § 46-21-102.[3] The Court affirmed the denial of Nickerson's petition.

On February 14, 2020, Nickerson filed a petition for a writ of habeas corpus with the Montana Supreme Court. See, *Nickerson v. Guyer*, OP 20-0101, 2020 WL 1161195, (Mont. March 10, 2020). Nickerson sought retroactive "collateral and plain error review" of each conviction, arguing the existence of several constitutional errors and also alleging his conviction for sexual assault was illegal based upon a state statute barring subsequent prosecution from the same transaction. *Nickerson,* 2020 WL 1161195 at *1. Nickerson claimed that he was subjected to doubled jeopardy when he was prosecuted for numerous counts, the

---

[3] Subsection (2) of the statute provides: A claim that alleges the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted, may be raised in a petition filed within 1 year of the date on which the conviction becomes final or the date on which the petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later.

jury instructions did not include lesser-included offenses, and trial counsel provided ineffective assistance. *Id.* The Court held Nickerson brought his claims too late and via the wrong remedy. Nickerson could have raised the issues in his direct appeal. Further, the court previously addressed ineffective assistance of counsel claims in Nickerson's direct appeal. *Id.* Because Nickerson had exhausted the remedy of appeal, he was barred from attacking the sentences for his convictions via habeas corpus. *Id.*, citing, MCA § 46-22-101(2).[4] Nickerson's petition was denied and dismissed. *Id.* at *2.

In his amended petition before this Court, Nickerson advances the following general categories of claims: (1) ineffective assistance of counsel of trial counsel, (Doc. 9 at 3, 4-5, 10); (2) malicious prosecution, *id.* at 6, 10, 11, 14; (3) violation of right to fair trial by multiple jury deadlocks and a coercive trial judge, *id.* at 10; (4) failure to provide a lesser included offense instruction, *id.* at 11; (5) a violation of MCA § 46-11-410, *id.*; (6) the State unlawfully changed its trial theory and inflamed the jury, *id.* at 12; (7) the State violated Nickerson's right to due process by failing to analyze all of the items of evidence, *id.* at 13; (8) ineffective assistance of counsel of appellate counsel, *id.* at 14-5, 16; (9) judicial bias, *id.* at 15; (10) juror bias, *id.* at 16; and, (11) Eighth Amendment violations. *Id.*

---

[4] This statute bars a person "who has been adjudged guilty of an offense and…has exhausted the remedy of appeal, to attack the validity of his sentence."

Nickerson asks this Court to order a new trial, vacate his convictions, and/or provide a new direct appeal. *Id.* at 8, 22.

### ii.      Federal Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitations period applies to petitions filed by state prisoners under 28 U.S.C. § 2254. See, 28 U.S.C. § 2244.  Absent a reason to apply one of the other "trigger" dates in 28 U.S.C. § 2244(d)(1), it appears that Nickerson's federal petition had to be filed within one year of the date his conviction became final.

Nickerson must have filed his habeas petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see also, *McQuiggin v. Perkins*, 569 U.S. 383, 388 (2013). The Ninth Circuit has held that when a defendant does not file a petition for review in the state Supreme Court on direct review, his "direct appeal was final ... [on] the date that he allowed his time for seeking review in the Supreme Court to expire." *Hemmerle v. Schriro*, 495 F. 3d 1069, 1073-4 (9th Cir. 2007); see also, *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012)(holding that with respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes "final" under § 2244(d)(1)(A) when the time for seeking such review expires).

Here, Nickerson's amended judgment was entered on February 21, 2012. Nickerson then had 60 days within which to file an appeal. See, M.R.A.P. 4(5)(b)(i)(providing an appeal in a criminal case must be taken within 60 days of entry of judgment). But Nickerson did not seek an appeal from the amended judgment. Thus, his judgment and sentence became final for purposes of 28 U.S.C. § 2244(d)(1)(A) on Monday, April 23, 2012, and the one-year statute of limitations began to run the following day. 28 U.S.C. § 2244(d)(1)(A); see *Gonzalez*, 565 U.S. at 147-155; *Corjasso v. Ayers*, 278 F. 3d 874, 877 (9th Cir. 2002). Accordingly, absent statutory or equitable tolling, the federal habeas statute of limitations expired on Wednesday, April 24, 2013. Nickerson did not file his petition in this Court until March 12, 2021; nearly eight years too late.

The one-year limitation period under AEDPA is statutorily tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application for state postconviction relief is " '*properly filed*' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings[,]" including "the time limits upon its delivery ..." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). If a state court rejects a petitioner's postconviction relief petition as untimely, it cannot be "properly filed" and the petitioner is not entitled to statutory tolling. *Allen v. Sibert*, 552 U.S. 3, 6-7

7

(2007)("Whether a time limit is jurisdictional, an affirmative defense, or something in between, it is a 'condition to filing.'"); *Pace v. DiGuglielmo*, 544 U.S. 408, 417-18 (2005)(holding that "time limits, no matter their form, are 'filing' conditions"). As set forth above, Nickerson did seek postconviction review in the state courts, but his petition was found to be untimely. Thus, it does not appear that Nickerson is entitled to statutory tolling.

Nickerson argues he is entitled to equitable tolling of the statute of limitations based upon the state inflaming the media and that rumors about his underlying criminal conduct created extraordinary circumstances for him while incarcerated in the Lake County Jail and Montana State Prison. (Doc. 10 at 1-2.) Nickerson also claims trial errors by his counsel and corresponding emotional trauma, warrant equitable tolling. *Id.* at 2-3. Nickerson has provided documentation in support of his argument. See, (Docs. 10-1 & 10-2.) The Court would observe that although it does appear Nickerson had behavioral and placement issues at the Montana State Prison in 2010, see (Doc. 10-2 at 2-4), in the 18 months prior to June of 2014 he had clear conduct and was "doing well." *Id.* at 5. Additionally, in a letter from his appellate attorney dated April 21, 2011, Nickerson was informed of his ability to file a postconviction petition and the corresponding timeline for doing so. *Id.* at 12. While the Court is not convinced of Nickerson's equitable tolling argument at this juncture, he will have an

8

opportunity to make additional argument regarding potential equitable tolling.

Accordingly, Nickerson must show cause why his petition should not be dismissed with prejudice as time-barred. He may do so in one, two, or all three of the following ways:

> 1. He might show that the analysis above is incorrect and the claim is not untimely;
>
> 2. He might show that he has been pursuing his rights diligently, but an extraordinary circumstance stood in his way and prevented him from filing on time, *Holland v. Florida*, 560 U.S. 631, 649 (2010);
>
> 3. He might show that his untimeliness should be excused because he has new evidence to prove that, more likely than not, no reasonable fact-finder could find him guilty beyond reasonable doubt. *McQuiggin v. Perkins*, 569 U.S. 383, 387 (2013).

If Nickerson fails to show cause why his petition should not be time-barred, his case will be dismissed with prejudice.

### iii.     Exhaustion/Procedural Default

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal

system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id;* see also, *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding.  "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

The Montana Supreme Court denied Nickerson's state habeas petition based on Mont. Code Ann. § 46-22-101(2). The statute has been firmly established and consistently applied for more than twenty years. Moreover, to apply it in Nickerson's case, the Montana Supreme Court did not consider the merits of his claims under federal law. See, *Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985); *Collier v. Bayer*, 408 F.3d 1279, 1284 (9th Cir. 2005). Consequently, Nickerson's

filing under MCA§ 46-22-101(2) is an adequate and independent basis for the denial of Nickerson's petition.

Similarly, the Montana Supreme Court affirmed the denial of his state postconviction petition as untimely under MCA § 46-21-102. This statute is also firmly established and consistently applied and prevented review of Nickerson's federal law claims.

Nickerson must therefore show cause why his petition should not be dismissed with prejudice as procedurally defaulted. He may do so in one, two, or all three of the following ways:

1.   He might show that MCA § 46-22-101(2) and § 46-21-102 were not consistently applied at the time he filed his state habeas and postconviction petitions;

2.   He might show a legitimate excuse for his default, for instance, that "'some objective factor external to the defense'" prevented him from raising his claims in state court. *Cook v. Schriro*, 538 F.3d 1000, 1027 (9th Cir. 2008) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). The "prejudice" prong is met if Nickerson can show that each error he alleges was serious enough to undermine confidence in the outcome of the proceeding. *Smith v. Baldwin*, 510 F.3d 1127, 1148 (9th Cir. 2007) (en banc) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

3.   He might "show that, in light of all the evidence, it is more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt." *Smith*, 510 F.3d at 1140 (citing *Schlup v. Delo*, 513 U.S. 298 (1995), and *House v. Bell*, 547 U.S. 518, 536-37 (2006)).

Again, if Nickerson does not make at least one of these showings, the claims will be dismissed with prejudice as procedurally defaulted without excuse.

11

## II.    Outstanding Motions

In light of the analysis provided above and given the procedural posture of Nickerson's case, the Court has considered the outstanding motions and finds that each should be denied.

### i.    Motion for Tolling

Nickerson asks the Court to impose equitable and/or statutory tolling. (Doc. 10 at 1.)  As set forth above, it does not appear that Nickerson is entitled to statutory tolling.  Additionally, the Court has explained the showing Nickerson must make to warrant equitable tolling.  Nickerson will be provided an opportunity to respond.  For this reason, Nickerson's Motion for Tolling will be denied as moot.  Instead, Nickerson must respond to this Order.

### ii.    Motion for Discovery

Nickerson requests the Court grant him a broad array of discovery in support of his equitable tolling argument and his substantive claims.  See generally, (Doc. 11.)  For example, Nickerson seeks copies of all newspaper articles which would tend to establish inflammatory coverage and prosecutorial misconduct.  *Id.* at 2. He also seeks subpoenas from the Montana Department of Corrections and Montana State Prison for all incident reports and confidential reports from February of 2010 to July of 2021, which would tend to support his claim of equitable tolling in addition to his allegations of discrimination, bias, and unfair

treatment. *Id.* at 3.  He seeks the ability to serve interrogatories on trial counsel,

regarding trial errors, *id.* at 4, as well as the ability to serve subpoenas on the

Flathead County Sheriff's Office and the Flathead County Attorney's Office for

records, including bond and arrest reports, to demonstrate bias and prejudice

toward Nickerson and his family members. *Id.*  Nickerson seeks potential *Brady*

material and records from Ms. Hinchey, an attorney who was apparently involved

in a custody battle involving the victim of Nickerson's offense. *Id.* at 5.  He

believes this information may provide more evidence of selective prosecution,

judicial bias, and prosecutorial misconduct. *Id.*  Finally, he seeks discovery in

order to locate jurors involved in his trial to uncover information regarding

deadlocks and coercion, which he believes may support his impartial jury

argument. *Id.*

    "A habeas petitioner, unlike the usual civil litigant in federal court, is not

entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S.

899, 904 (1997). Rather, "[a] judge may, for good cause, authorize a party to

conduct discovery under the Federal Rules of Civil Procedure and may limit the

extent of discovery." Habeas Corpus R. 6(a). Good cause exists "where specific

allegations before the court show reason to believe that the petition may, if the

facts are fully developed, be able to demonstrate that he is entitled to relief. *Bracy*,

520 U.S. at 908-09 (internal quotations and citations omitted). When good cause

exists, "it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Id.* at 909.

Although Nickerson identifies various items of evidence, he has failed to establish that this evidence is relevant, that it would prove that the petition was timely filed, or that he is entitled to habeas relief notwithstanding the untimely filing. "Just as bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing, neither do they provide a basis for imposing upon the state the burden of responding in discovery to every habeas petitioner who wishes to seek such discovery." *Earp v. Davis*, 881 F.3d 1135, 1142-43 (9th Cir. 2018) (internal citations omitted). Moreover, before this Court can examine the merits of any of Nickerson's underlying claims, he needs to overcome the significant procedural hurdles that stand before him.  The request for discovery will be denied at this juncture.   Depending on how the matter proceeds, Nickerson may renew his request at a later date.

### iii.    Motion to Appoint Counsel

Nickerson requests that counsel be appointed to represent him, along with an investigator, to review the publicity surrounding his case. (Doc. 11 at 3.) He also requests counsel and/or the investigator research the Montana State Prison Lexis Nexis tablets to see how many times Nickerson's name and case were searched by

other inmates. He believes this will assist him in proving that inflamed rumors surrounded his incarceration at Montana State Prison. *Id.* at 4.[5]

There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if counsel is necessary for effective discovery or if an evidentiary hearing is required. See, Habeas Corpus Rule 6(a) & 8(c). Counsel may be appointed at any stage of the proceedings if "the interests of justice so require." 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Under § 3006A, the court must consider the likelihood of success on the merits, the complexity of the legal issues involved, and the petitioner's ability to articulate his claims pro se. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

To date, Nickerson has been able to adequately present his claims and protect his interests. Now he must respond to the narrow issues of timeliness and default. Additionally, as explained herein, neither discovery nor an evidentiary hearing is warranted at this juncture. The Court appreciates that Nickerson, like many habeas petitioners, lacks legal training and resources. For this reason, the Court independently reviews each petition. Nickerson does not require counsel as a matter of due process, and the Court declines to exercise its discretion to appoint

---

[5] Nickerson is no longer incarcerated at Montana State Prison; he has been transferred to a state facility in South Dakota. See, (Doc. 15.) He believes his transfer to this facility also warrants appointed counsel because it will be difficult for him to litigate pro se from another state. *Id.* at 2.

15

counsel.  To the extent that Nickerson's references to counsel contained in his motion for discovery and his notice of change of address are construed as motions for appointment of counsel, the request is denied.

### iv.  Motion for Leave to Proceed in Forma Pauperis

Nickerson has already paid the $5.00 filing fee.  But he now seeks leave of the Court to proceed in forma pauperis to assist in any costs he may incur, in support of his request for counsel, and prospectively, in the event he needs to file an appeal.  See, (Doc. 14.)  As explained above, Nickerson needs to respond to the statute of limitation and procedural default issues.  His request for appointed counsel has been denied.  In the event that Nickerson's petition moves beyond this screening stage and the potential for incurring costs increases, Nickerson may move to proceed in forma pauperis at a later date.  Additionally, should he file an appeal with the Ninth Circuit, he can file a motion to proceed in forma pauperis at that time.  His motion will be denied, subject to renewal at a later date.

Based on the foregoing, the Court enters the following:

### ORDER

1.    On or before **December 29, 2021**, Nickerson may respond to this Order by filing a brief of no more than ten (10) pages, excluding any exhibits, showing cause why his federal petition should not be dismissed with prejudice. Nickerson must address both the time-bar and the procedural default.

2.     Nickerson's Motion for Tolling (Doc. 10) is DENIED as moot.

3.     Nickerson's Motion for Discovery (Doc. 11) is DENIED.

4.     To the extent that Nickerson requests appointed counsel and/or an

investigator, see (Doc. 11 at 3); see also, (Doc. 15 at 2), the motion is DENIED.

5.     Nickerson's Motion to Proceed in Forma Pauperis (Doc. 14) is

DENIED, subject to renewal at a later date.

6.     Failure to timely respond to this Order will result in dismissal of the

petition with prejudice.

Nickerson must immediately notify the Court of any change in his mailing

address by filing a "Notice of Change of Address." Failure to do so may result in

dismissal of his case without notice to him.

DATED this ___9th___ day of November, 2021.

_____
Donald W. Molloy
United States District Court Judge